Paksons, C. J.,
afterwards observed that the Court, considering the question of importance to the mercantile part of the community, had looked into the case with attention, and were all of opinion that a factor has no authority to pawn goods which have been intrusted to him for sale. The rights of the principal and factor depend on the law merchant, which has been adopted by the common law. By this law a factor is but the attorney of his principal, and he is bound to pursue the powers delegated to him. (2) If he sells the goods on a credit as his own, the purchaser not knowing him to be a factor, the principal may forbid payment to be made to the factor; and if afterwards the debtor should pay the' money to the factor, he would pay it in his own wrong, and be still liable to the action of his principal, unless he had at the time given to the factor a *361 bond, or a negotiable security, which had been actually negotiated before notice. There must be (a)

Judgment according to the verdict.

 Wils. Rep. 405, Scott & Al. vs. Owen & Al

 Odiorne & Al. vs. Maxcy & Al. 13 Mass. Rep. 178. — Jarvis vs. Rogers, 15 Mass. Rep. 396, 488. — Chesterfield Manf. Co. vs. Dehon & Al. 5 Pick. 7.— Guerrio vs Peale, 3 B. & A. 616. — Patterson vs. Tash, 2 Str. 1182. — Daubigay vs. Duval, 7 D. & E. 606. — De Bouchot vs. Goldschmidt, 5 Ves. 211. — Newson vs. Thornton, 6 East, 17. — M'Combie vs. Davies, 6 East, 538. — Martini vs. Coles, 1 M. & S. 146.—Paley, bv Lloyd, pp. 213—218. — Urquhart vs. M’Ives, 4 Johns. 103.