Sewall, J.,
delivered the opinion of the Court.
(After stating the facts at the trial from the judge’s report, including his direction to the jury, his honor proceeded as follows.)
Was the direction given to the jury at the trial correct in point of law upon this evidence ? is the question to be considered.
Upon the supposition relied on for the defendant, that Williams conducted fraudulently and tortiously in going to St. Vincents, in selling the plaintiff’s cargo there, and in directing the proceeds remitted to Boston in his own name; and, in short, that in the transaction proved, independently of Williams’s own testimony, he was not the agent therein of the plaintiff, either by contract or by necessity ; yet as he had been made to some purposes the agent of the plaintiff, and the subject of the demand, now in question, is ascertained to be the proceeds of the plaintiff’s cargo *sold at St. Vincents, we see no just reason for consid- [ * 823 ] ering the property in the hands of the defendant, the proceeds of a payment for that cargo, as acquired to Williams by a breach of trust and a fraudulent course of conduct. Dunham and Munson, the intermediate agents of Williams, so far as they had proceeded under his directions, or, if that had happened, had given any credit to Williams upon the score of this property, without notice of the claims of the present plaintiff, would have been considered as indemnified by the color of right in Williams, while possessing and disposing of it in the usual course of business.
But, between Williams and the present plaintiff, (and as a question of property it is altogether between them,) it would be unjust, and it is not required by any general principles important to mercantile credit and confidence, that the fraud of Williams, according to the present supposition, should be allowed a further success to his own emolument. Nor would an acquisition, effected in the manner supposed, be rendered more just or legal by an appropriation of it to the general creditors of the guilty party, or to discharge any debt of his, where the credit had not been obtained by his possession and apparent ownership of the property in question.
It is true that Williams, supposing his conduct fraudulent and tortious, incurred himself every risk attached to the sale at St. Vincents, and the remittance to the defendant; but the transaction being without the plaintiff’s consent, and by the supposition, without any authority from him, this circumstance of Williams’s risk will not *272 operate to deprive the plaintiff of his right against his trustee. For the sake of a remedy, where property has been wrongfully embezzled by an agent, or obtained and disposed of by a person acting without title, or under a void authority, the party injured may dispense with the wrong, may waive the tort, as it is expressed, may adopt the agency, becoming, in that case, liable to all the consequences of adopting it, may suppose the transaction to [ * 324 ] have been for his account and to his use, and then those who hold, or are indebted for the proceeds, hold for the account of the right owner as a principal, and are indebted to him. (1)
Upon the other supposition made, and depending wholly upon the credit to be given to Williams’s testimony, contradictory as it is, in some respects, to the presumptive evidence arising from the circumstances of his conduct, that he acted by necessity, with fair intentions, and for the interest of his employer, in selling at St. Vincents; then the transaction has been throughout for the account and at the risk of the plaintiff, independently of his consent, and notwithstanding Williams used his own name, and was not, in every disposition of the plaintiff’s cargo, or the proceeds of it, careful to distinguish, and to give notice who was the general owner, and that he himself was but a factor for another.
The general rule is, that a factor’s sale creates a contract between the owner and the buyer; and where a factor having sold upon credit, the owner or principal gives notice of his interest and claim to the buyer before payment, and requires him not to pay the factor, the buyer will not be justified in afterwards paying the factor. And this rule applies whether the factor has or has not named his principal at the time of the sale. (2)
There are exceptions to this rule; as where the factor sells in his own name, being himself responsible for the price of the goods sold, whether collected or not; (a) or where he sells them to his own creditor, where there are mutual dealings. The principal cannot, in those cases, interfere, to the prejudice of the party dealing with the factor, without any knowledge.of his agency; and only the balance, if any be due to the factor, may be reclaimed by the principal.
These exceptions are not applicable to the case at bar, or rather confirm the application of the general rule ; for Williams never was *273 personally responsible, unless he became so by his own wrong. This his principal may dispense with, if he pleases; and the intermediate agents have * indemnified themselves, [ * 325 ] or are not liable to any loss by this decision.
Upon the whole, it is the opinion of the Court, that the direction upon the evidence given at the trial was correct, and that judgment be entered according to the verdict.

 2 L. Raym. 1216, Lamine vs. Dorrell. — 2 Lev. 245. — Bull. N. P. 133.

2) Bull. N. P. 130.

[The principal may always maintain an action, and is generally liable to be sued when discovered.— Thomson vs. Davenport, 9 B. & C. 78.—4 M. & R. 110. — Patterson vs Gaudoseque, 13 East. 62.— Cochran vs. Irlam, 2 M. & S. 301, n. — Ed.]