Per Curiam.

The argument of the defendant’s counsel in this case, which was ingenious and well supported by authorities, has gone altogether upon the ground that there was no such privity 'between the plaintiff and defendant as would be a legal foundation for an implied promise.
We do not think it necessary to decide this point; as there was full evidence in the case of an express promise, which is sufficient to maintain the issue on the part of the plaintiff, if there was a legal consideration for it ; because such a promise, under the circumstances of this case, would amount to an acknowledgment that the defendant held money to the use of the plaintiff.
Now, the defendant had in his hands money, which was the pro ceeds of goods belonging to the plaintiff, which had been intrusted to Kingsbury to sell. Upon application to the defendant for this money, he recognized the plaintiff as the owner of the goods, and, after some conversation about indemnity, not forgetting his accountability to Kingsbury, he promises the plaintiff to pay him, [" * 185 ] and claims an allowance * of his commissions for selling ; and, upon being afterwards called on, does not retract on the ground of mistake or surprise, but avowedly refuses to pay, that he may have the use of the money for a longer period.
The cause was submitted to the jury upon this evidence alone, the defendant not having attempted to contradict it. Indeed, the exceptions taken to the verdict admit that these facts were well proved. For the objections are, the want of privity, and of consideration, and the defendant’s liability to Kingsbury.
We think his liability to Kingsbury not sufficient to render nugatory his promise to pay ; for he may discharge himself from that, by showing that he has paid over the proceeds of the goods to the true owner, Kingsbury not having notified him of any lien or claim, which he had against the plaintiff. And, indeed, Kingsbury, having been the mere agent of the plaintiff to sell, and having put the goods into the hands of the defendant to sell, can have no claim as factor or agent. Whatever right he might have to set-off against the plaintiff *165 having voluntarily parted with it, he cannot call upon the defendant, who will háve discharged his trust by paying over the money where it belongs.†

Judgment according to the verdict.

 Kidder vs. Shaw et al., 2 Mass. Rep. 398. — Dow vs. Prescott, 12 Mass. Rep. 419.— Kelley vs. Manson, 7 Mass. Rep. 319. — Denston vs Perkins, 2 Pick. 86. — Chesterfield Manufacturing Company vs. Dehon et al., 5 Pick. 7.— Thomson vs. Perkins et al., 3 Mason, 232. — Hourquebie vs. Girard's Adm'r., 2 Wash. C. C. R. 212.