TITCOMB & AL. *vs.* SEAVER & TRUSTEE.

The contract created by a sale of goods by a factor is between the buyer and the owner, and not between the buyer and factor ; and it makes no difference, in this respect, whether the factor acts under a *del credere* commission or not.

Therefore where one who bought goods on credit of a factor *del credere*, was summoned as his trustee, in a foreign attachment, it was held that, after notice, he would not be charged as the trustee of the factor for any thing beyond the amount of the lien of the latter for his commissions.

BY the disclosure of *Warren*, one of the trustees in this case, it appeared that he and his partner purchased a bale of Sheetings on credit, of *Seaver*, who was the factor of the *Brunswick Cotton*

*Factory*, and who guaranteed his sales; but *Warren* did not know that he acted as factor in the sale, or that he was the factor of the company; they dealt with him, supposing him to be the owner of the goods. The price had never been paid. Some time previous to the service of the writ they were regularly notified in writing, that the company owned the bale of sheetings in question when sold, and claimed payment of the sum due from them.

*Willis*, for the plaintiffs, at the last *November* term, before the Chief Justice, contended that as *Seaver* was a factor *del credere*, he must be considered in the light of an owner of the goods at the time of sale; and of course that the purchasers stood indebted to him; and that no claim would be maintained by the company against any one else for the proceeds of the sale.

*Fessenden* and *Deblois*, for the trustee, cited and relied upon the case of *Thompson v. Perkins 3 Mason 2*½*2*; as decisive of the question in their favor. *3*

MELLEN C. J. afterwards delivered the following opinion in the same term, *Preble J.* concurring.

One of the trustees has been defaulted, and from the disclosure of *Warren* who is the other, it appears that *Seaver* sold to them the bale of sheetings as the factor of the company, and guaranteed the sale; and that the company in due season asserted their claim to the proceeds of the sale, and gave notice thereof to the trustees. The question is, whether the company have a claim on the trustees as purchasers for the price of the goods, or whether their claim is only against *Seaver*, and of course that the debt due from the trustees is exclusively due to *Seaver*. The law seems to be perfectly settled, that the principal is entitled to recover, whenever he can trace his own property and distinguish it or its proceeds from the mass of the property of his factor. See *Livermore on Agency* 1818, *p.* 267, *ch.* 7, where the cases on the point are collected. On this ground it is clear, that the debt in question belongs to and is claimable by the company, and so *Warren* is not trustee, unless the fact that *Seaver* was

a factor *del credere*, changes the relation of the parties, and renders the debt contracted on his sale, the absolute property of the factor. It is true, that at different periods there have been variant decisions as to the principle above stated ; but at present it appears to be settled and at rest. In the above mentioned case of *Thompson v. Perkins,* nearly all the cases directly bearing on the question are collected and commented upon by Mr. Justice *Story* with his accustomed learning and clearness. The decision of the court was, that a *del credere* commission does not change the relation of the parties ; and that the same principles of law, as to the point under consideration, are applicable to a factor *del credere* as to any other factor, except as to the amount of his lien for his commissions, &c. His language, when speaking of the nature of the guaranty of a *del credere* factor, is this ;—" What is the nature of such a guaranty? It is merely an undertaking to pay, in case there should be a failure of payment by the buyer ; it is not a direct original liability, to the principal, in the same way as if the factor was himself the purchaser; excluding the liability of the real purchaser. The principal may, at any time, waive the guaranty and claim possession of the notes" (which had been in that case taken for the debt) " from the hands of the factor, discharging any lien of the latter." Agreeing, as we do, in the result at which the court arrived in that action, we will merely, in addition to what has been stated, cite the cases referred to in support of our opinion. They are cited in *Thompson v. Perkins.* *Levinshire v. Alderton* 2 *Str.* 1182. *Morris v. Cleasby* 4 *Maul & Selw.* 566. *Peele v. Northcote* 7 *Taunt.* 478, *also note d.* 480. *Escot v. Milward,* cited in *Cooke's Bankr. Law,* 8 *Ed.* 383, 384. 1 *Montague Bank.* 577. 1 *Cooke's Bank.* 400. 7 *Mass.* 319. 2 *Dal.* 60. 1 *Yeates* 540.

For the amount of commissions, &c. in the present case, *Seaver* has a lien on the debt due from the trustees; and the company are not entitled to claim and recover it from him, or intercept it in *Warren's* hand by means of the present process. For the amount of such commissions, &c. therefore, he is the trustee of *Seaver.* We accordingly adjudge him trustee, and the parties can probably ascertain the true sum, without any further proceedings.