## MARTIN *vs.* MOULTON.

A factor cannot make a valid sale, of property entrusted to him to sell, to a copartnership of which he is a partner.

Where goods were delivered to a factor for sale, and afterwards came into the possession of a copartnership of which he was a partner, and were sold, and the proceeds received by the partnership---*held*, that this evidence was sufficient, *prima facie*, to entitle the owner to recover the avails of the partnership.

ASSUMPSIT. 1. On an account annexed, for four stoves sold the defendant. 2. Money had and received. 3d. On a special agreement by the defendant and one A. Hemphill, now deceased, once partners in trade under the firm of Hemphill & Moulton, as agents of plaintiff, to sell and account for four stoves, on demand, or return them.

It was contended, on the part of the defendant, that said stoves were delivered to said Hemphill in his individual capacity, to sell, and not as one of said firm ; and evidence was offered to that effect. And the plaintiff requested the court to instruct the jury, that although said stoves might have been originally delivered to said Hemphill, on his own responsibility, to sell, yet if they afterwards came into the possession of said Hemphill and Moulton, and were by them disposed of, and the avails received by them, the defendant would be liable to the plaintiff for the same in this action.

But the court refused so to instruct the jury, and left it to them to say whether the stoves were delivered to the partners to sell, or to Hemphill alone, with directions to find for the defendant, if the stoves were delivered to Hemphill to sell on his own account.

The jury found for the defendant, and the plaintiff moved for a new trial on the above case.

*Wilcox*, for the plaintiff. If the goods came into possession of defendants by a sale of Hemphill, or by a substitu-

tion of agency—or if they took them tortiously, having sold them, they are liable for the proceeds. *Paley on Agency* 249; 7 *Mass.* 319, *Kelly* vs. *Munson;* 2 *Kent's Com.* 624; 2 *Mass.* 398, *Kinder* vs. *Shaw ;* 2 *Kent* 625; 3 *B. & Ald.* 616, *Guerriero* vs. *Peale ;* 3 *Mason* 232, *Thompson* vs. *Perkins ;* 2 *Pick.* 86, *Denston* vs. *Perkins ;* 5 *Pick.* 7, *Chesterfield Man. Co.* vs. *Dehon ;* 3 *M. & S.* 574, *Taylor* vs. *Plummer.*

The case is, that H. & M. have sold property of the plaintiff. All we ask is that they should account for the proceeds.

*Bell,* for the defendant. The case raises the question, who was the factor or agent—the partners, or Hemphill alone ?

The plaintiff has a right to avail himself of the contract of his factor, and is answerable to the party with whom the factor contracts.

The factor in this case was Hemphill alone. It is so found. That being found, the question is, whether Hemphill has made any contract which the plaintiff can enforce ?

The plaintiff shows no such contract. If there was any sale to H. & M., by the factor, so as to make them answerable, it should be shown. It cannot be contended, that, because the stoves were in the possession of H. & M., and sold by them, they are answerable. The presumption is that they came rightfully in possession.

It is not necessary for the defendant to show that the partnership bought and paid. The plaintiff must show that H. sold and the contract is unperformed.

Suppose it appeared that the plaintiff had no title to these stoves : could Moulton come back on him on that account ?

It was not pretended, on trial, that there had been any tort, and that the plaintiff might waive this and go in assumpsit.

PARKER, J.   The delivery of the stoves to Hemphill, to sell, did not change the property.   They were still the goods of the plaintiff.   The circumstances under which they came into the possession of the partnership do not distinctly appear.

The defendant cannot avoid this suit, upon the ground that the partnership may have purchased the stoves of Hemphill, who was the plaintiff's agent, or factor, and that when they subsequently made sale of them the money received was the property of the partnership.   Hemphill, being factor, could not sell the stoves to himself, and for the same reason he could not make a valid sale of them to the firm of Hemphill & Moulton, which would be a sale to himself and another.   2 *N. H. R.* 225, *Currier* vs. *Green ;* 3 *N. H. R.* 144, *Perkins* vs. *Thompson.*

Nor could Hemphill pledge the goods.   *Payley on Agency* 174 ; 2 *Strange* 1112 ; 7 *D. & E.* 606 ; 5 *Ves. Jr.* 211.

If, instead of selling or pledging the goods, he deposited them among other goods of a firm, of which he was partner, the partnership could thereby gain no greater right than by a sale or pledge.   If, then, the stoves came into the possession of the partnership, and were sold by the firm, the plaintiff has a right to affirm that sale, and claim the proceeds, unless the partnership had accounted to Hemphill before any demand by the plaintiff, which has not been suggested.   And it may well be doubted whether such accounting with one partner would exonerate the partnership ; for Hemphill, one of the partners, had knowledge that the goods belonged to the plaintiff, and this might be sufficient to charge the partnership with the duty of accounting for the proceeds with the plaintiff, even if the defendant had no express notice.   20 *Johns.* 421, *Buckley* vs. *Packard & a. ;* 7 *Taunt.* 403, *Wells* vs. *Ross ;* 12 *Mass.* 183, *Chickering* vs. *Hosmer.*

In *Buckley* vs. *Packard,* the plaintiff, a merchant in New-York, consigned goods to the master of a vessel, bound to

Havana, for sale. The master, on his arrival at Havana, delivered the goods to the defendants, commission merchants there, for sale—held, that the master, having no authority to pledge the goods for his own account, the defendants *by receiving the goods, with knowledge that they belonged to the plaintiff, became substituted as factors, in place of the master,* and were accountable for the proceeds to the plaintiff, and could not retain them for any advances made by them to the master, or for a balance of an account arising from transactions between them and the master.

*New trial granted.*