Stanard, J.
It is necessary to the validity of a title claimed under the act of an agent or attorney, that the act be within the scope of the agency or power. Where one deals with an attorney having his authority in writing, he is informed of the objects and limitations of the power, and good faith forbids his co-operation in any act which on its face applies the power to purposes *146 in no wise connected with the interests of the principal and perverts it to objects hostile to those interests; and the law justly denies validity to such acts. In particular agencies, this operates the annulment of the act, though the agent may have had the possession and ostensible ownership of the subject of the contract, and the party dealing with him may not have known that he was not the actual owner. Thus a factor has the possession of the property of his principal, with full power to sell for cash or on credit, and on a credit sale, to transfer or collect the debts. All such acts may be for the benefit of his principal; and the subsequent misuse of the funds that may thus come to his hands in no wise invalidates the sale, transfer or collection. But he cannot pledge the goods, or the note taken on the sale of them, for his own debt, so as to give the pledgee a title paramount to that of his principal. Comyn on Contr. 538, 9. And this, though the pledgee did not know that the party with whom he dealt was not in reality what he ostensibly was, the owner of the goods. Martini v. Coles, 1 Mau. & Selw. 140. The power of the factor is assimilated to that of an attorney, for the purpose of imposing this limitation on his general and large authority, Kinder v. Shaw, 2 Mass. Rep. 398, and the party dealing with him is subject to the' consequence of this limitation, though he knows not that in the particular transaction his title is that of a factor. When the act is done avowedly under a written authority, the party is with more reason bound to shew that it is done in conformity with the objects, and withiu the expressed or fairly inferred limits, of such authority. Broad as are the terms of the letter of attorney in question, the power given has relation to the business and concerns of the principal, and an act which is not only alien but ostensibly hostile to those interests is not within its scope. Such is the act in question; and if the facts be as the plaintiff in error offered evi *147 dence to prove them, there is a misstatement of the consideration in the bill of sale, which evinces a consciousness in the parties of a want of authority for the real transaction, and an improper attempt to disguise it, by giving it the semblance of an act concerning the business of the principal. I think, therefore, that the court below erred in its opinion, and that the judgment ought to be reversed with costs, the verdict set aside, and a new trial of the issue had, on which the court, if desired, should give the instruction that the plaintiff in error asked for on the former trial, and withhold that which was given on that trial.
The other judges concurring, judgment entered accord inalv.