## LOUISE JOSEPHINE BAUDUC *v.* PETER CONREY.

Plaintiff having enjoined the execution of a judgment of a justice of the peace, ordering the delivery of the possession of certain premises to defendant, on the allegation that the justice exceeded his jurisdiction, defendant moved to dissolve the injunction, on the ground that it would appear from a complete record filed by him, of the proceedings before the justice, that he did not exceed his jurisdiction. Plaintiff having objected to the admission in evidence of the record filed by defendant: *Held,* that defendant having asked that the injunction should be dissolved, not on the face of the petition, but on the allegation that the record produced by him would show that the justice had jurisdiction, the record was the basis of the motion to dissolve, and admissible as such.

Where on the dissolution of an injunction obtained by a party to arrest the execution of a judgment ordering him to deliver possession of certain premises, damages cannot be allowed under the third section of the act of 25 March, 1831, in consequence of their being no judgment on which they can be calculated, the right of the defendant in the injunction to sue for the damages on the injunction bond will be reserved.

APPEAL from the District Court of the First District, *Buchanan,* J.

*Greiner,* for the appellant.

*Schmidt,* for the defendant.

SIMON, J. The plaintiff is appellant from a judgment which dissolves an injunction by her obtained with the view of arresting the execution of a judgment rendered against her by W. T. Raynal, a justice of the peace of the parish of Jefferson, by which she was condemned to deliver to the defendant, within three days, possession of certain premises by her occupied in the city of Lafayette.

The grounds set up in the petition are : That the defendant, Conrey, instituted proceedings before said Raynal, by which he demands possession, *as owner,* of the said premises ; that the petitioner has been in possession of the same for more than one year ; that said premises are worth $3000 ; that the jurisdiction of the court of the said justice of the peace is limited to personal actions not exceeding $150 ; and that, notwithstanding the exception by her filed, which exception was overruled, final judgment was rendered against her by an incompetent court. An incomplete copy of the record of the proceedings had before the magistrate is annexed to her petition.

Bauduc v. Conrey.

The defendant joined issue by stating, in substance, that he is the owner of the premises alluded to in the plaintiff's petition ; that said property was by him rented to said plaintiff at the rate of $15 per month, but that wishing to put an end to the tenancy of the plaintiff, he gave her notice to quit the premises ; that the plaintiff refused to comply with this requisition ; and that he was compelled to institute proceedings for the purpose of forcing her to leave them. He further gives a statement of the proceedings had in the magistrate's court, and prays that the injunction may be set aside, with damages, &c.

On the same day the defendant filed a written motion to dissolve the injunction, on the ground that, from a full and fair record of the proceedings had before the justice of the peace, it appears that the plaintiff's allegation of his being without jurisdiction, is unfounded. This motion prevailed below, and is now the subject of the present controversy.

On the trial of this case in the court below, the defendant offered in evidence the record annexed to his answer, showing the proceedings had before the magistrate. This proof was objected to by the plaintiff's counsel, on the ground that no evidence out of the petition for an injunction could be offered, but that such matters alone could be examined on the trial of the motion. The record was admitted, and the plaintiff took a bill of exceptions.

We think that the judge a quo did not err. The very document objected to was the basis of the motion to dissolve the injunction, and was properly received in support of it. The defendant did not pretend that the injunction should be dissolved on the face of the petition ; but, on the contrary, positively alleged that the record by him produced would show that the plaintiff's allegation of the magistrate's being without jurisdiction is unfounded. It is also well remarked by the district judge, that the petition does not state the plaintiff to have been in possession of the premises as *owner*, and that the transcript annexed to her petition is not certified by the justice, Raynal.

On the merits of the motion, we are of opinion that the judgment complained of is correct. It is established by the record of the proceedings had before the justice of the peace, that the

plaintiff was the tenant of the defendant; that she had paid him rent for the premises, which belonged to said plaintiff; and that due notice was given to her to quit the property. It is true the notice requires the plaintiff to deliver possession of the premises to defendant, as being his property, but this cannot be understood as being the exercise of a possessary action, since it is not based upon the adverse possession of said defendant. Code of Practice, arts. 47, 48, 49. The case was clearly within the jurisdiction of the magistrate, and the proceedings were had in the manner pointed out by the laws relative to landlords and tenants (Bull. & Curry's Digest, p. 539, § 2. Civil Code, arts. 2683, 2684), in conformity with which, the plaintiff was ordered to deliver possession of the premises to the owner thereof, within three days from the date of the service of the notification of the judgment.

With regard to the damages claimed by the appellee for the wrongful suing out of the injunction, we cannot allow any in this case, there being no judgment upon which they could be calculated; but we think that the right of the appellee to institute his action for damages upon the injunction bond should be reserved, since the effect of it has perhaps deprived him of the use of his property during the pendency of this suit. 17 La. 183. 19 Ib. 402. 1 Rob. 144. 2 Ib. 165, 209.

*Judgment affirmed.*