By the Court

Jenkins, J.,
delivering the opinion.
This case must turn upon the question of title in the wool sued for, and the nature and extent of Marrow’s agency regarding it. We are of the opinion that the evidence clearly establishes title in Smith, at the time of the delivery of the wool to Sims & Rust, the warehousemen. It is also clearly proven that Marrow was a common carrier, and received the wool from Smith for no other purpose than to transfer it to Albany, and deposit it in a warehouse; when this was done, his agency was at an end, and the special property which the law recognised in him, simply to enable him to effect the purpose of the bailment, ceased. This taking receipts from the warehousemen in his own name, and his hypothecation of those receipts as security for his own debt, were wholly without the scope of his agency, and can in no manner affect the title of the bailor. It is a principle of the common law of England, of force here, that a sale in market overt does not change the title of the rightful owner, if made without his authority: 1 Wilson Rep., 8; Wheelright vs. Depeyster, 1 Johnson R., 472; Story on Bailments, p., 326. See also, Patterson vs. Gush, 2 Strange, 1178; Daubigny vs. Duval, 5 T. R., 604; Snaith vs. Burridge, 4 Taunton, 684; Kinder vs. Shaw, 2 Mass., 398; 2 Kent's Com., 625-28, 3d edition.
The law as here affirmed was given in charge to the jury, and no doubt controlled their verdict. With that verdict we are perfectly satisfied, and deem it unnecessary to consider exceptions taken to the charge of the Court below, in regard to the negotiable character of the warehouse receipts issued in this case, under the custom of merchants. Errors, if any there were, in that charge, would not induce a reversal, the charge having been correctly given upon the controlling question, and the verdict being correct under the evidence and the law of the case.
There was an exception to the decision of the Court, upon the admissibility of evidence, but we deem, it unnecessary to *99 consider it, because error in admitting it would be no ground for reversal, the evidence appertaining to an immaterial point.
Let the judgment be affirmed.