JACOB H. STINCHFIELD *vs.* JOSEPH B. TWADDL 3.

Franklin.   Opinion January 22, 1889.

*Pleading.   Declaration.   Schedule.   Practice.*

A declaration in trover, to recover the value of numerous articles, contained
all the essential allegations of that form of action, excepting a description
of the property, and referred to "the goods and chattels, in the schedule
hereunto annexed, and of the value therein mentioned;" *Held*, that the
declaration, by long usage, was sufficient.

ON EXCEPTIONS, by defendant, to the ruling of the court in
overruling his demurrer to plaintiff's declaration.

This was an action of trover, and defendant demurred to the
declaration because the articles, with their value, were not set
out in the body of the declaration,—but were described in a
schedule annexed to the writ.

*H. L. Whitcomb*, for defendant.

Practice of annexing a schedule to the declaration was con-
demned by Parsons, C. J., who also said that, "the schedule
annexed to a declaration, is no part of the declaration, &c."
*Kinder* v. *Shaw*, 2 Mass. 398 (note in margin).   Parker, C. J.,
in *Rider* v. *Robbins*, 13 Mass. 284, repeats the proposition that,
"a schedule annexed to a writ in replevin or trover, is held to
make no part of the declaration."   These authorities have never
been questioned.

Chitty's Plead., vol. 2, Title, Trover; Puterbaugh's Pl. and Pr.,
3d ed. 507, 508, citing 8 Moore, 379.   In recording judgments,
schedules become no part of the record, and a record on such a
declaration as this can be no protection to the parties.

There are no adjudicated cases sustaining such a declaration.

*Stubbs and Fogg*, for plaintiff.

Counsel cited precedents from Oliver's Precedents by Parsons,
Sewall and Adams, pp. 611, 612, 613, 614, 616.   *Neal* v. *Hanson*,
60 Maine, 84.

VIRGIN, J. Trover to recover the value of numerous articles of various kinds of household furniture, agricultural implements, robes, harnesses, etc.

The declaration contains all of the essential allegations in trover excepting a description of the property. Instead of any description whatever of that, other than is expressed in the words "divers goods and chattels," the declaration refers to "the goods and chattels in the schedule hereunto annexed and of the value therein mentioned." The schedule annexed contains a detailed statement, of the various kinds of chattels, with the number and value of each article.

The defendant challenges this mode of pleading.

A very general description of the property in actions of trover is sufficient, though it is otherwise in replevin. *Taylor* v. *Wells*, 2 Saund. 74 and notes, *Colebrook* v. *Merrill*, 46 N. H. 160. But descriptions as indefinite as "divers goods and chattels" are clearly insufficient on which to found a judgment.

Learned judges have declared, that in trover, a schedule annexed to the writ, is no part of the declaration. Note to *Kinder* v. *Shaw*, 2 Mass. 398. That incidental remark of Judge Parker was approved in *Rider* v. *Robbins*, 13 Mass. 285. A like view was formerly taken of an "account annexed," in assumpsit. "By ancient usage," said PETERS, C. J., "this form of declaring has been sanctioned in this and other states. * * The account annexed to the writ. is allowed to supply the want of proper allegations in the body of the declaration." *Cape Elizabeth* v. *Lombard*, 70 Maine, 399.

On recurring to "Oliver's Precedents"—the only book of the kind used in this state since the separation—numerous forms in trover like that adopted by the plaintiff are found drawn by early eminent pleaders in Massachusetts. Such was the form used in New Hampshire, though it was considered "somewhat untechnical to do it." Woodbury, J., in *Hilton* v. *Burley*, 2 N. H. 193, 195. And the court in that state refused to sustain the objection after verdict. *Edgerly* v. *Emerson*, 23 N. H. 572.

While in this state the practice has generally if not universally followed "Oliver's Precedents" whenever the property involved

comprised numerous articles,—and the question has never before been raised, we think as the defendant cannot be injured by the omission from the body of the declaration what is so fully set out in the schedule annexed, that the "untechnicality" must yield to long usage, and especially as the demurrer was filed at the return term and the defendant can plead to the merits if he desire.

*Exceptions overruled.*

PETERS, C. J., WALTON, DANFORTH, EMERY and HASKELL, JJ., concurred.