## LUCY ROGERS *vs.* INHABITANTS OF NEWBURY.

An action cannot be sustained against a town, under the Gen. Sts. *c.* 70, § 16, upon a declaration on an account annexed for expense incurred in taking care of a person named, which does not allege that the person was a pauper, nor that the plaintiff was not liable by law for his support, nor that the expense was necessarily incurred after notice and request to the overseers of the poor, and until provision made by them.

Notice and request made to one member of the board of overseers of the poor, intended for them all collectively, and for him to communicate to them, is a sufficient notice and request under the Gen. Sts. *c.* 70, § 16.

CONTRACT on an account annexed " for services in taking care of Josiah Eastman and wife twenty-four days " in February 1869. Writ dated June 12, 1869. The answer was a general denial.

At the trial in the superior court, before *Putnam*, J., the plaintiff offered evidence that she rendered the alleged services in nursing the persons named in her account, and that they were aged persons who had fallen into distress and were in need of immediate relief from the defendants ; and she sought to recover either on an express contract with the defendants' overseers of the poor, or under the Gen. Sts. *c.* 70, § 16.*

The defendants objected to the introduction of any evidence to establish the latter ground of action ; contending that it was inadmissible under the declaration. The judge admitted such evidence, and instructed the jury " that the declaration sufficiently set forth a cause of action under said § 16, and that the plaintiff might recover under the same, if the necessary facts were proved, instructing them fully what it was necessary to prove under that section."

The evidence admitted tended to prove that the notice and request required by the statute were made to one only of the overseers ; that he thereupon requested the plaintiff to render the services ; and that he did not communicate on the subject with the two other overseers, who were not informed of the plaintiff's

---

* " Every city and town shall be held to pay any expense necessarily incurred for the relief of a pauper therein by any person who is not liable by law for his support, after notice and request made to the overseers thereof, and until provision is made by them."

notice and request, or of her performance of the services, until within a day or two before their termination. The defendants contended that this was insufficient notice under the statute; but the judge ruled that it was sufficient.

The jury found for the plaintiff under the statute, and not on the ground of an express contract with the overseers; and the defendants alleged exceptions.

*J. C. Perkins*, for the defendants.

*W. M. Rogers*, for the plaintiff.

AMES, J. 1. The plaintiff, having failed to prove any express contract with the proper officers of the defendant town, is not entitled to a verdict unless she can bring her case within the provisions of the Gen. Sts. *c.* 70, § 16. It is admitted that the jury were correctly instructed as to the facts which it was incumbent upon her to prove, in order to avail herself of the terms of that section; and the verdict shows that, so far as proof of the facts is concerned, she fulfilled all the conditions upon which her right of action depends. But the sufficiency of her declaration is by no means equally clear. It is enough, in a declaration, to state the substantive facts necessary to constitute the cause of action, with substantial certainty, without unnecessary verbiage. Gen. Sts. *c.* 129, § 2, *cl.* 3. The declaration in this case wholly fails to aver that the expense or service for which she claims compensation was necessarily incurred; or that the persons named in her account were paupers; or that she herself was not liable by law for the support of those persons; or that she had given notice to or made request of the overseers; or that the town had made no provision for these persons as paupers. It appears to us, that, even after making the largest allowance for the liberality of our practice act in matters of technical pleading, this declaration does not set forth the substantive facts necessary to constitute the cause of action under *c.* 70, § 16. It was appropriate to a case depending upon an express promise, and for that reason could not have been demurred to by the defendants. But without proof of such express promise, she cannot recover, until she shall, by leave of the court, make such amendments in her declaration as the case requires. *Sistermans* v. *Field*, 9 Gray, 331.

2. The remaining exception we do not think can be sustained. A notice to one member of the board, intended for them all collectively, and also intended for him to communicate to his colleagues, is sufficient. *Exceptions sustained.*