RUFUS NEWBIT *vs.* INHABITANTS OF APPLETON.

*What is sufficient notice under R. S., c. 24, § 32.*

A notice and request delivered to one member of the board of overseers of the poor is a sufficient compliance with the requirements of R. S., c. 24, § 32, to enable an inhabitant, who is not liable for the support of a pauper, to recover expenses which he has necessarily incurred for the relief of such pauper, after giving such notice.

ON EXCEPTIONS.

ASSUMPSIT under R. S., c. 24, § 32, to recover for the support of the plaintiff's minor grandchild, after notice and request to the overseers of Appleton to provide for the child, who had no father. The plaintiff testified that he was not of sufficient ability to maintain the boy, and that he notified one of the overseers of the poor of the town that they must take care of him, but they did not pay any attention to the request, and this suit was brought to recover the expenses of relief subsequently furnished. The overseer denied that any such notice or request was made to him. The presiding justice instructed the jury that notice and request to a single member of the board of the overseers of the poor would be sufficient under the statute to charge the town for subsequently accruing expenses; and remarked that negative testimony might merely imply a failure to recollect an occurrence, but that a posi-

tive statement that a certain thing transpired could only be attrib-
uted to perjury, if false. To this instruction and remark the
defendants excepted, the plaintiff having obtained a verdict, which
they also moved to set aside as against law and evidence.

*Hiram Bliss, Jr.*, for the defendants.

*Hanly & Son*, for the plaintiff.

PETERS, J. The defendants contend that the "notice and
request," required by R. S., c. 24, § 32, to enable an inhabitant
to recover of a town the expenses incurred in support of a pauper,
is insufficient, if made to only one member of the board of over-
seers. The language of the statute is, "after notice and request to
the overseers." The decision of this point depends upon the fur-
ther question, whether it is the duty of one overseer, when such
notice and request is made to him, to communicate it to the other
overseers. A notice to one overseer may well be supposed by him,
as intended as well for his colleagues as for himself. Having no
clerk or records of proceedings, overseers should interchangeably
inform each other of any and all matters pertaining to their official
duties, which may come to their knowledge individually. We
think a fair and practical construction of the statute requires them
to do so. In this view a notice of the kind in question given to
one overseer may properly enough be regarded as a notice to the
entire board. It is upon the same principle that it was early held,
that a knowledge upon the part of individual inhabitants of a
town of a defect in a highway was a sufficient notice to the town
in its corporate capacity. It being the duty of such inhabitants
to communicate such knowledge to the executive officers of the
town, they may be presumed to have done so, or the whole inhab-
itants are in fault for their neglect. As between towns, the writ-
ten notice required to be sent by one board of overseers to another
must ordinarily be received by a single officer in the first instance,
and the notice would practically be to him alone, unless com-
municated by him to his fellows. The precise question pre-

sented in this case does not appear to have been decided in any judicial opinion in this State. In *Perley* v. *Oldtown*, 49 Maine, 31, cited by plaintiff, the same point was involved in the facts, but does not seem to have attracted the attention of either the counsel or court. But in *Rogers* v. *Newbury*, 105 Mass., 533, the point is distinctly raised, and settled in accordance with our determination here. The case of *Underwood* v. *Scituate*, 7 Metc., 214, is in the same direction, as far as it goes. The case of *Ilsley* v. *Essex Co.*, 7 Gray, 465, is not in conflict with it. There it was decided that a written notice, served upon one county commissioner, was not sufficient to charge the county with the penalty imposed by the statute for the neglect of the commissioners to erect bounds at the termination and angles of a county road. But county commissioners have the use of an official clerk, and keep a record of their doings, and have stated meetings for business. Any notice or requests upon them would, therefore, seem to be appropriate, ordinarily, only as made upon them in open session while acting as a court. A heavy penalty was involved in that suit, which further distinguishes it from the case at bar.

Upon the facts, the plaintiff's case was, perhaps, not a strong one; but the jury, under proper instructions in all respects, have pronounced it sufficient, and we are not convinced that it is not right. *Motion and exceptions overruled.*

APPLETON, C. J., CUTTING, WALTON, BARROWS and DANFORTH, JJ., concurred.