INHABITANTS OF ORONO *vs.* DANIEL PEAVEY.

Penobscot, 1875.—March 25, 1876.

*Contagious diseases.*

A person infected with a disease or sickness, dangerous to the public health, who has been removed to a separate house by the municipal officers of the town, and provided by them with nurses and other attendants, and necessaries, by virtue of R. S., c. 14, § 1, is not chargeable for the expenses incurred by the town for the nurses and other attendants and necessaries, unless he is able to pay all the expenses thus incurred.  If he is not so able, and the town where he belongs pays to the town which has provided nurses, attendants and other necessaries, the expenses thereof, it can maintain no action for the money so paid, against him, by virtue of the statute.

ON REPORT.

CASE, as stated in the opinion.

*N. Wilson,* for the plaintiffs.

*A. Sanborn & A. J. Chapman,* for the defendant.

LIBBEY, J.  The case finds that in 1873 the defendant was, with his family, taken sick of the small pox in Oldtown.  They were removed to a house by themselves by the town, and the town expended six hundred dollars for medical attendance, supplies, clothing, nurses and other necessaries for them.  The defendant having his settlement in Orono, plaintiffs paid the bill to Oldtown and bring this action to recover the sum paid by them.  The parties agree that the supplies, nursing and medical attendance were necessary supplies, and that the claim of the plaintiffs is only by virtue of R. S., c. 14, relating to contagious diseases.  The ques-

tion of the ability of defendant to pay, as affecting his liability, was referred to the court, and the court found the sum which the defendant was able to pay, to be one hundred and fifty dollars.

Upon these facts can the action be maintained ? If it can be it must be by virtue of the statute. There is no liability at common law. There was no express promise to pay. The proceedings on the part of Oldtown were had by virtue of the provisions of the statute to provide for the safety of the inhabitants and prevent the spread of a contagious disease, and not by the request or consent of the defendant. The supplies were furnished while the defendant was removed from his house and under the control of the municipal officers of the town. In such case the law will not imply a promise by the defendant to pay for the supplies furnished. In support of their action the plaintiffs rely upon R. S., c. 14, § 1, which is as follows : "When any person is, or has recently been, infected with any disease or sickness dangerous to the public health, the municipal officers of the town where he is, shall provide for the safety of the inhabitants, as they think best, by removing him to a separate house, if it can be done without great danger to his health, and by providing nurses and other assistants and necessaries ; at his charge or that of his parents or master, if able, otherwise, that of the town to which he belongs."

By this statute the expenses of nurses and other assistants and necessaries were chargeable to the defendant if he was able to pay them. If not able to pay them the statute imposes no liability upon him. It does not make him chargeable for such portions of the expenses as he was able to pay, if not able to pay the whole amount. If not able to pay the whole amount, the expenses were chargeable to the plaintiff town where the defendant belonged. By the finding of the court he was not able to pay the whole amount of the expenses, which was six hundred dollars, but only one hundred and fifty dollars. Hence the defendant was not liable to pay to Oldtown. There is no express provision in the statute giving the plaintiffs a right of action against the defendant for the sum they paid Oldtown. If the defendant was not liable to an action by Oldtown, no construction of the statute can be adopted giving the plaintiffs a right of action against him for the sum which they paid.

It is unnecessary to consider the question of the liability of the defendant under R. S., c. 24, § 34. This action is not brought under that statute. The parties expressly agree that the claim of the plaintiffs is only by virtue of R. S., c. 14. The action is not maintainable by virtue of that statute. *Plaintiffs nonsuit.*

APPLETON, C. J., DICKERSON, DANFORTH, VIRGIN and PETERS, JJ., concurred.