IRA C. SAWYER *vs.* INHABITANTS OF NAPLES.

Cumberland, 1876.—October 5, 1876.

*Way—defective.*

The notice of a party, injured by a defect in a public highway, to the town liable for the damage required by the act of 1874, c. 215, need not be in writing. It is otherwise by the act of 1876, c. 97.

It is not necessary that the amount of damages claimed should be stated in dollars and cents.

ON EXCEPTIONS from the superior court.

CASE, for damages, for injuries received, through a defect in a highway, February 26, 1875.

On the point of notice required by c. 215, of the acts of 1874, the plaintiff testified that on March 24, 1875, he went into the store of Mr. Bray, one of the selectmen, and said to him, "I shall

claim damages of the town for injuries received in the back, on the Sylvester Paul road. He asked me how much. I told him I did not know; we would wait and see how I got over it. He said they would object on the ground I was not in the road."

The presiding justice ruled, that it was incumbent on the plaintiff to satisfy the jury that he had given the notice required by the act of March 3, 1874; and defined the requirements of the notice as to its contents in a manner to which no exceptions were taken; but ruled against the defendants' objection that such notice proved by parol testimony was sufficient, and further that it was sufficient if given to one municipal officer or selectman.

The verdict was for the plaintiff for $1750; and the defendants moved to set it aside as against evidence, and alleged exceptions.

*N. S. Littlefield,* for the defendants.

*S. C. Strout & H. W. Gage,* for the plaintiff.

APPLETON, C. J. This is an action against the defendant corporation to recover damages for an injury occasioned by a defect in a highway which it was bound to keep in repair. It comes before us upon exceptions to the ruling of the presiding justice and upon a motion for a new trial.

By R. S., c. 18, § 65, persons injured by defects or want of repair, etc., may recover damages against the towns or cities responsible for such defects or want of repair. This section was amended by c. 215 of the acts of 1874, which provides that "any person who sustains any injury or damage as aforesaid, shall notify the county commissioners of such county or the municipal officers of such town, within sixty days thereafter by letter or otherwise, setting forth his claim for damages and specifying the nature of his injuries."

The presiding justice ruled that notice proved by parol testimony was sufficient. To this ruling the defendants excepted.

The object of the notice is to enable the town seasonably to investigate claims for injury before the proof of the facts shall become unattainable from lapse of time or loss of life or memory. It is for the benefit of the town. Notifying the town of an injury received enables its officers to proceed to ascertain the facts and contest or

settle with the party claiming damages as they may deem expedient.

The notice is by "letter or otherwise." If by letter it is in writing. If "otherwise," it may be in writing or verbal. "Otherwise" includes all modes of notice except by letter. Verbal notice is a compliance with the statute.

It is objected that the notice is given to but one of the selectmen. But a notice to one is a notice to all. It was given to a municipal officer in the line of his duty and to be communicated to his associates. It would be imposing a useless and unnecessary burden to require notice to be given to each of the selectmen. The notice was sufficient. *Newbit* v. *Appleton*, 63 Maine, 491. *Rogers* v. *Newbury*, 105 Mass. 533.

It must be borne in mind that the act of 1874, c. 215, has been amended by the act of 1876, c. 97, which requires the notice given to the town to be by "letter or otherwise in writing." But that amendment relates to the future and can have no effect upon a notice given before its passage.

Neither is it necessary that the extent of damages should be stated in dollars and cents. The party injured may not know the extent of the injury received. It may be greater than is at first supposed or it may be less. What the legislature deemed important was that towns should be notified that damages are claimed, not what sum of money would be sufficient to compensate the party injured.

The exceptions are untenable.

The trial occupied four days. The defense was conducted by able and experienced counsel. There is conflicting evidence as to all the facts in controversy. It is not enough that the court might have come to a different conclusion. That alone would not justify our setting aside the verdict. The law has made the jury judges of fact. No exceptions which are available are taken to the charge of the judge. We cannot say that the jury have so misconducted or have been so under the influence of prejudice or passion, or have so entirely disregarded the weight of evidence that it becomes our imperative duty to disturb the verdict.

*Motion and exceptions overruled.*

DICKERSON, BARROWS, DANFORTH and LIBBEY, JJ., concurred.