INHABITANTS OF CAPE ELIZABETH *vs.* GEORGE H. LOMBARD.

Cumberland.   Opinion December 12, 1879.

*Pleading.*

A charge in an account annexed to a writ "For cash paid for your support at the Insane Hospital," means, in a legal sense, money paid at the defendant's request; and, if paid at his request, the money may be recovered under that form of declaring. A demurrer to such a count admits the request.

If no request is proved or admitted, and the money is recoverable only by force of the statutory provision, then the facts must be specially alleged, and the money expended could not properly be sued for upon an account annexed. In such case the evidence would not support the declaration.

It is a common mode of pleading to unite the common money counts in one count, and a declaration containing such an omnibus count cannot be defeated by demurrer.

It does not vitiate a common count to allege that it is designed to cover a bill of particulars in an account annexed, although the action could not be sustained upon an account annexed. One count might correctly, and another incorrectly, describe the cause of action, and the specification be the same for both counts.

ON EXCEPTIONS.

ASSUMPSIT, to recover the amount paid by the plaintiff town, for the support of the defendant, a resident of said town, at the hospital for the insane at Augusta, Maine, where he had been duly committed, and for whose support the plaintiffs were in the first instance liable. The declaration in the writ is as follows :

"In a plea of the case for that the said defendant, at said Cape Elizabeth on the day of the purchase of this writ, being indebted to the plaintiff in the sum of five hundred and eighteen dollars and sixty-five cents, according to the account annexed.

George H. Lombard *alias* Henry G. Lombard,

To the Inhabitants of Cape Elizabeth, Dr.

1872. To cash paid for your support at Insane Hospital,

| | |
|---|---:|
| at Augusta, Maine, | $ 94 09 |
| 1873. To same, | 163 03 |
| 1874.   "   " | 207 43 |
| 1875—to May 3.   To same, | 54 10 |
| | $518 65 |

In consideration thereof, then and there promised the plaintiffs to pay them said sum on demand. Also for that the said defendant at said Cape Elizabeth heretofore, to wit, on the day of the purchase of this writ, being indebted to the plaintiffs in the one other sum of five hundred and eighteen 65-100 dollars, for goods before that time sold and delivered by the plaintiffs to the defendant at his request; and also for work before then done and materials for the same provided by the plaintiffs for said defendant at his request; and also for other money before then lent by the plaintiffs to said defendant at his request; and also for other money, before then paid by the plaintiffs for the use of said defendant at his request; and also for other money before that time had and received by the said defendant for the use of the plaintiffs; and also for other money, for interest upon other moneys, then due and owing from said defendant to said plaintiffs and by the plaintiffs lent and advanced to said defendant at his request, for divers long spaces of time then elapsed; and also for other money found to be due from the said defendant to the plaintiffs upon an account then stated between them —in consideration thereof then and there promised the plaintiffs to pay him the several moneys aforesaid on demand. Yet said defendant has never paid any of said moneys, but wholly neglects and refuses so to do.

Under the money counts plaintiffs will claim to recover the sum named in the first count of this writ being money expended and paid out by the town of Cape Elizabeth for the support of the defendant in the insane hospital at Augusta, as set forth in the first count of this writ, for which defendant is by law liable. Yet the said defendant," etc. A general demurrer to the declaration

was filed by the defendant, joined by the plaintiffs and sustained by the presiding justice. The plaintiff alleged exceptions.

It is agreed that if the demurrer is sustained by the law court, and the writ is not amendable a nonsuit is to be ordered. If the demurrer is overruled, judgment is to be entered for plaintiffs.

If the demurrer is sustained, and the writ is amendable upon payment of costs from the time when the demurrer was filed, and filing the amendment, judgment is to be entered for plaintiffs. The damages to be assessed by the judge presiding at *nisi prius.*

*N. Cleaves & H. B. Cleaves,* for the plaintiffs.

*J. J. Perry,* for the defendant, cited *Saco* v. *Hopkinton,* 29 Maine, 268. *Bennet* v. *Davis,* 62 Id. 544. *Harrington* v. *Tuttle,* 64 Id. 474. *Annis* v. *Gilmore,* 47 Id. 152. *Milliken* v. *Whitehouse,* 49 Id. 527. *Cooper* v. *Waldron,* 50 Id. 80. *Page* v. *Danforth,* 53 Id. 174. R. S., c. 82, § 89. *Stinson* v. *Norton,* 45 Maine, 281.

PETERS, J. The declaration consists of a count upon an account annexed and an omnibus money count. If the liability of the defendant arises only by force of the statute regulating the support of insane persons at the state hospital, the action in this form could not be sustained. There would be no contract express or implied to found such a style of declaration upon. It is a well established rule of law that, when a statute gives a special remedy upon particular facts, those facts must be specially alleged. *Drowne* v. *Stimpson,* 2 Mass. 444. *Salem* v. *Andover,* 3 Mass. 438. *Bath* v. *Freeport,* 5 Mass. 326. *Rogers* v. *Newbury,* 105 Mass. 533. *Augusta* v. *Chelsea,* 47 Maine, 367. *Sanford* v. *Haskell,* 50 Maine, 86. *Hathorn* v. *Calef,* 53 Maine, 471. *Bethel* v. *Bean,* 58 Maine, 89. *Fryeburg* v. *Brownfield,* 68 Maine, 145. An exception to the rule would be when by the statute it is provided it may be otherwise, as it was in *Gilman* v. *Portland,* 51 Maine, 458. Most of the above cases were essentially like the case at bar.

To this declaration a demurrer is filed. Had there been a demurrer to the evidence, or an objection to the admission of evidence as not supporting the declaration, and it did not appear

that there was any contract between the parties, in such case the defendant would have gained the point which evidently he had in view. But the question before us is not one of evidence, it is one of pleading. The only thing we are to decide is whether the declaration would be sufficient, if supported by the evidence. The demurrer is proof, by way of admission, that the facts alleged are true. We are to ascertain what facts are alleged.

The account annexed is "For cash paid for your (defendant's) support at the insane hospital." What is the legal meaning of that charge, and what, in a legal sense, did the plaintiffs intend by it? As their meaning is not fully expressed in words, the omission is to be supplied by a legal inference. The legal presumption is that they mean to say, that the money was paid at the special instance and request of the defendant. If so paid, then the allegations in the count upon an account annexed would be proved and the action be sustained.

By ancient usage, this form of declaring has been sanctioned in this and other states, and in our practice is more commonly used perhaps than all other forms of declaration put together. The account annexed to the writ is allowed to supply the want of proper allegations in the body of the declaration. The account when in the writ is to be read as its words would naturally be interpreted when out of the writ. Therefore, by usage, it has always been understood and allowed, that an item "for merchandise" shall mean "merchandise sold and delivered," whether the goods be sold at a fixed price or not, and whether actually or con structively delivered, and even delivery is not necessary where title to the goods passes without delivery; that an item "for work and materials" shall mean "done and expended for the defendant at the defendant's request; that an item "for cash" shall mean and imply "money lent"; and that an item "for money paid" shall mean, by implication, "money paid at the special instance and request of the defendant." It is not ordinarily to be supposed that one person would pay money for another unless requested. As to what may be considered merchandise, or work, or materials, or money lent or paid, the interpretation has been so liberal that a very great variety of subjects may be sufficiently and are com-

monly declared for in this form of action. The account annexed is a substitute in practice for the common money counts, as a readier and more direct mode of declaring. From this it follows that the first count in the writ is good. *Hilton* v. *Burley*, 2 N. H. 193. *Bassett* v. *Spofford*, 11 N. H. 167. *Newmarket Iron Foundry* v. *Harvey*, 23 N. H. 295. *Kinder* v. *Shaw*, 2 Mass. 398. *Rider* v. *Robbins*, 13 Mass. 284. *Gilman* v. *Portland*, *supra*. See 2 Chitty Plead. (17th Am. ed.) page 27 *et seq.*, where a mass of cases variously illustrating the use of the money counts will be found collected.

The second count is good. It is the common counts consolidated into one count. It was held good by Chief Justice Saunders, and commended by Sergeant Williams in his note to *Webber* v. *Tivill*, 2 Saund. 122, as a practice avoiding prolixity of pleading and saving expense. Mr. Chitty (Pleadings) says: "Several distinct debts due in respect of different contracts not under seal, of the same or a different nature, as demands for work, and debts for goods, money lent, etc., might always be included in one count of this description." Such a count may be sustained or defeated in part or whole. It may be demurred to in part without demurring to the whole. *Bailey* v. *Freeman*, 4 Johns. 280. Oliver's Prec. 153, *et in nota.* See 24 Pick. 406.

Had the first count been bad, the second count would not have been vitiated on account of its referring to the account annexed for its bill of particulars. One count might correctly and another incorrectly describe the cause of action, and the specifications be the same for both counts. The very object of double counts is that one may succeed if others should fail, in a correct description of the cause of action. *Keyes* v. *Stone*, 5 Mass. 391. *Little v. Blunt*, 13 Pick. 473. *Hotchkiss* v. *Judd*, 12 *Allen*, 447.

> *Exceptions sustained.*
> *Demurrer overruled.*
> *Judgment for plaintiffs.*

APPLETON, C. J., WALTON, VIRGIN, LIBBEY and SYMONDS, JJ., concurred.