INHABITANTS OF GREENVILLE

.*vs.*

PAUL BEAUTO and WILLARD H. GALUSHA, Trustee.

Piscataquis.    Opinion October 27th, 1904.

*Board of Health.    Towns.    Action.    Words and Phrases.*
*R. S. 1903, c. 18, § 51.*

Revised Statutes, Ch. 18, § 51, provides in substance that when any person is infected with any disease or sickness, dangerous to the public health, the local board of health may remove him to a separate house, and there care for him at his charge, "if able."    *Held:*

1. That such a person is not chargeable with any part of the expense incurred, if he is not able to pay the full amount.

2. Such a person is not chargeable with the expense incurred, if he is not financially able at the time of his discharge, although he was able to labor, and did labor, and afterwards accumulated sufficient money to pay the expense.

3. The phrase, "if able," relates to the pecuniary ability of the party at the time the expenses were incurred.

On report.    Judgment for defendant.

Action under section 51 of chapter 18 of the Revised Statutes by the town of Greenville, to recover for board, nursing and medical attendance furnished the defendant while sick with small pox in said town.

The defendant, a common laborer about thirty years of age, was taken sick with small pox in the town of Greenville and removed by

the local board of health to a separate house, and provided with nurses and other assistants and necessaries from September 10th, nineteen hundred three, to October 12th, nineteen hundred three, in compliance with the provision of the statute under which the action was brought. The defendant was a single man, capable of earning thirty dollars a month and board during the lumbering season and at other seasons of the year, amounts varying with the nature of employment; having no one dependent on him for support except an aged and infirm father, whom he assisted to some extent. At the time the defendant was taken sick with the small-pox, and at the time of his discharge from quarantine, he had about two dollars in money and there was due him ten dollars which he collected on October 13th, nineteen hundred and three; he had no other property of any kind at the time of his discharge. He commenced work on the 13th day of October, nineteen hundred and three, and from that date to the date of the service of the writ, in this action on the trustee, he earned ninety-five dollars and seventy-six cents, ($95.76) and received in part payments therefor clothing and other goods from the camp store amounting to nineteen dollars and twenty-six cents ($19.26) leaving a balance due him from the trustee at the time of the service on said trustee of seventy-six dollars and fifty cents ($76.50).

If the plaintiffs are entitled to recover in this action they are to have judgment for forty-nine dollars and ten cents ($49.10).

This case was reported for the consideration and decision of the law court, upon the foregoing agreed statement of facts. Upon so much of the evidence as is legally admissible, the court to render such judgment as the law and facts require.

*A. L. Fletcher and C. W. Brown,* for plaintiff.

The theory contended for by the plaintiff is that the meaning of the statute is not necessarily that the sick person must have the present, subsisting ability to pay in cash, at the time the necessaries are provided nor at the time he is discharged from quarantine, but that if as in this case, it is shown that the person who has had the contagion can pay the expense of his sickness within a reasonable time, he is "able," and further that a man alone in the world, with no one depending on him for support, and possessing health, strength and

ability to work—a capacity for earning money—young in years and strong in body is able to pay a reasonable amount if given a reasonable time.

In Wisconsin under a statute providing a penalty for abandonment of the wife, where the husband has sufficient ability to support her, it was held that the words, "being of sufficient ability, referred as well to the husband's capacity or skill to earn or acquire money as to property actually owned by him." *State* v. *Witham*, 70 Wis. 473. Note to Am. & Eng. Enc. of Law, Vol. 1. Title, "Ability." *Davis* v. *Davis*, 37 N. H. 191.

*Butler & Butler*, for defendant.

The defendant in this case had no money with which to pay at the time the necessaries were furnished him nor at the time of his discharge from quarantine. *Orono* v. *Peavey*, 66 Maine, Page 60.

There was no liability on his part to pay until he was able to pay. The test of liability is the ability to pay at the time the expense is incurred.

According to the rule laid down in *Bangor* v. *Wiscasset*, 71 Maine, 535, the defendant is not liable unless he was able to pay at the time the necessaries, etc., were furnished. The money which he has earned since his discharge from quarantine cannot be taken to pay the expense incurred in providing him with necessaries, etc. If not able to pay at the time he is not liable to pay, he does not become a debtor to the town of Greenville unless able to pay at the time the necessaries, etc., were furnished; as he was not able to pay at the time, no debt was created and he is not bound at this time to pay for the necessaries so furnished.

It may be argued that the defendant was able to labor and earn money. We do not apprehend that such ability, if it existed, is what is meant by the term ability as used in the statute. We believe the term ability as used in the statute has reference to the financial ability, that is, it depends upon whether the person supplied has sufficient means with which to pay. This seems to be the only question which the court has ever considered in cases of this character. But should such argument be presented then we submit that under the rule laid down in *Bangor* v. *Wiscasset*, the ability to

pay must be determined by the condition of the person at the time the necessaries, etc., were actually furnished. In this case, at that time, the defendant certainly was entirely incapacitated to earn money. He was not only sick but he was quarantined, and if he would otherwise have had ability to earn money with which to pay the expense incurred in providing for him necessaries, etc., this ability was taken away from him on account of his sickness and by virtue of the quarantine; he, therefore, at the time, had no ability to pay the expense incurred, and if he had no ability at the time there was no liability to pay and no debt was created against him.

The question of ability to earn money does not determine the ability of a person to pay debts. The ability of men to use money wisely varies so much that knowing the amount a man may be able to earn can in no way determine the amount he may be able to pay. It is common knowledge that one man will accumulate a comfortable property on the same income which proves insufficient to support another man under like circumstances. The ability to use money wisely is quite as important a factor in determining a man's ability to pay debts as is his ability to earn money. In the case of the defendant it is admitted that he is a common laborer thirty years of age, who had, at the time he was taken sick, not more than twelve dollars worth of property. If the defendant at thirty years of age had not accumulated more than twelve dollars worth of property it is a strong circumstance to prove his inability to pay the debt contracted in this case. If the defendant had never been able to earn more than was necessary to pay his ordinary living expenses, except such amounts as he contributed toward his father's support, it seems fair to argue that he had not sufficient ability to pay an expense incurred, as this was, on account of an unusual sickness.

It does not seem to us that the legislature could ever have intended the term ability to refer to a person's capacity to earn and use money. This would lead in every case to an examination so extended and so complicated and depending so much upon the mental quality of each individual that it would be quite impossible to determine with any degree of fairness, the ability of an individual to pay an expense incurred under this statute.

We believe, therefore, that the term ability as used in the statute under which this action is brought, has reference only to a person's financial ability and if such is the case we believe that the court has fully settled this question in the cases cited and the cases therein referred to.

SITTING: WISWELL, C. J., EMERY, SAVAGE, POWERS, PEABODY, SPEAR, JJ.

SAVAGE, J. Action under R. S., c. 18, § 51, to recover for board, nursing and medical attendance furnished the defendant while sick with small pox in the plaintiff town. The statute in question provides that when any person is "infected with any disease or sickness dangerous to the public health, the local board of health of the town where he is, shall provide for the safety of the inhabitants, as they think best, by removing him to a separate house, if it can be done without great danger to his health, and by providing nurses and other assistants and necessaries, at his charge, or that of his parent or master, if able, otherwise at that of the town to which he belongs."

The defendant was sick with small pox in Greenville, was removed to a separate house, and nurses and other assistants and necessaries were provided for him at an expense of forty-nine dollars and ten cents. And he became liable to reimburse the town, "if able." Upon the proper construction of this last phrase, "if able," the case turns. It is admitted that at the time the defendant was taken sick, and at the time of his discharge, he had about two dollars in money, and that there was due him ten dollars which he afterwards collected, and that he then had no other property of any kind. It is evident that so far as existing financial ability at that time is concerned, he was not "able" within the meaning of the statute, for, as was held in *Orono* v. *Peavey*, 66 Maine, 60, if a person is not able to pay the full amount of the expense incurred, he is not chargeable with any part of it.

But the case shows that the defendant was a single man, a common laborer, capable of earning about thirty dollars a month, and that

from the time of his discharge from quarantine to the date of the service of the writ, he had earned ninety five dollars and seventy six cents, of which seventy six dollars and fifty cents was then due him. And the plaintiff contends that if not financially "able" at the time of his discharge, he was able to labor, and did labor, and had accumulated sufficient money or credit to pay this bill, and that therefore he is now "able" within the meaning of the statute. Is this contention sustainable? We think not. The liability contemplated by the statute is, we think, fixed and definite, and not contingent and uncertain. And if this be so, it must have reference to the time when the expenses were incurred. He is not chargeable until he is "able," and it follows that if he is not "able" then, he is not chargeable at any time afterwards, unless the statute intends to make him liable upon a future and unknown contingency. If he should become able to labor or accumulate money, would it be reasonable to say that a liability which did not exist at the time of his discharge was afterwards created by the happening of a contingency? If so, within what limit of time? A month, or a year, or ten years? And as the statute of limitation does not run until the cause of action accrues, shall a person in such case be liable to become liable for a lifetime, unless sooner he becomes able to labor, or has accumulated property? That would be unreasonable, and it is not, we think, contemplated by the statute.

But even if he were able to labor at the moment of discharge, there is no necessary connection between ability to labor and ability to pay debts. Whether a laborer can find employment, for what periods in the year, and at how much wages, are all uncertain and contingent, and so are the expenses of living to which he may be subjected. In any event there can be no reason in saying that he is "able" unless he earns more than it reasonably costs to live,— unless he creates a surplus. One is not able to pay debts whose daily wage is eaten up by his daily charges, and in the general run this is, unhappily, too often the case with common laborers, such as this defendant is stated to be. We cannot think the legislature intended the question of liability to depend upon the narrow and often inperceptible balance between the earnings and expenses of a

laboring man.   Such a test would be both uncertain and unsatisfactory, not to say unfruitful.   The only reasonable test is the existing financial ability to pay at the time the expenses were incurred.   See *Bangor* v. *Wiscasset*, 71 Maine, 535.   Applying this test to the case at bar, we hold the plaintiff has failed to show the defendant's ability and consequent liability.

*Judgment for defendant.*