CARROLL S. CHAPLIN, JUDGE OF PROBATE

*vs.*

NATIONAL SURETY CORPORATION.

Cumberland County.   Decided June 1, 1936.   This action, brought to recover of the surety the penalties of two probate bonds, is before us on report on an agreed statement of facts. There are

six counts in the declaration, three of which apply to a bond dated November 28, 1921 in the penal sum of $2,000, and the other three to an additional bond in a like amount dated January 30, 1933. No permission to sue on the second bond has been obtained from the Judge of Probate, as required by R. S. 1930, Chap. 86, Sec. 17; and there is accordingly no jurisdiction to enter any judgment with respect to it. We are therefore concerned solely with the first bond.

Horace H. Towle, in November 1921, was appointed by the Probate Court for the County of Cumberland guardian of Herbert Chester Webber. He qualified by giving the usual statutory bond in the sum of $2000, with the National Surety Company, a New York Corporation, as surety. July 3, 1934, on the petition of Frank T. Hines, Administrator, Veteran's Administration, alleging that the guardian had failed to file his annual accounting, Towle was removed by decree of the Probate Court. On April 23, 1934, he had filed his seventh account, which was allowed July 3, 1934. Schedule C of this account showed a balance in a savings account in the Fidelity Trust Company of $51.65, a balance in a checking account in the same bank of $87.99, and cash on hand of $2,279.37. On August 24, 1934, George W. Grover, successor guardian of Towle, made demand on him for the balance shown in this seventh account. Payment was refused, but an adjusted service certificate, referred to in the account, was turned over.

On April 2, 1933, the National Surety Company was placed in the hands of the Superintendent of Insurance of the State of New York for rehabilitation under the laws of New York. As a part of the plan of rehabilitation, a new corporation was organized known as the National Surety Corporation; and an agreement was entered into between the old company through the rehabilitator and the new one, the purpose of which in part was to permit the new company to carry on the business of the old with respect to judicial bonds.

The new corporation is the defendant in this action, the foundation of the claim against it being a so-called "Assumption of Liability Certificate," which was left in the office of the Register of Probate with the apparent intention that it should be attached to the original bond of the National Surety Company. This certificate reads in part as follows:

"THIS CERTIFIES that, for a valuable consideration, National Surety Corporation has assumed liability for losses arising from or caused by acts committed on and after May 1st, 1933, under the above designated bond of National Surety Company, provided, however, that the liability hereby assumed by National Surety Corporation under the bond of National Surety Company shall be deemed and held to be decreased by · the aggregate amount of losses arising from or caused by acts committed prior to May 1st, 1933."

The agreed statement sets forth that between February 2, 1933 and May 1, 1933, Towle used $2,313.16 of the cash of his ward to pay his own personal obligations, and that from May 1, 1933 to the time of his removal as guardian he "did not possess at any time funds or property in his own lawful right in excess of $750" with which to make repayment.

The decree of the Judge of Probate, dated July 3, 1934, found that the account was just and true and ordered that it be recorded and allowed. This was an adjudication by the Judge of Probate that at the end of the accounting period, viz., April 21, 1934, the guardian had in his possession the money as set forth in Schedule C of the account.

The present case was argued on the theory that the guardian had misappropriated this money and did not at any time have it in his possession. Such assumption is contrary to the finding of the Judge of Probate; and the agreed statement filed in the present case does not unequivocally support the contention of defendant's counsel that the guardian did not then have this money.

It is well settled that decrees of probate courts, when not appealed from, in matters of probate, within the authority conferred upon them by law, are conclusive upon all persons and are not subject to collateral attack. *Snow* v. *Russell*, 93 Me., 362; *Harlow* v. *Harlow*, 65 Me., 448.

In determining the issue as to the defendant's liability, it is essential that we know whether the guardian did have in his possession the money as set forth in Schedule C of his account. In view of the effect which must be given under the circumstances to the decree

of the Judge of Probate finding such money on hand, this Court feels that it has not the necessary information before it in this proceeding to determine the issue as to the liability of this defendant.

Though we regret the delay occasioned by the ruling, the entry must be: Report discharged. *John S. S. Fessenden,* for plaintiff. *Frank H. Haskell,* for defendant.