FRANK S. CARPENTER
TREASURER OF STATE OF MAINE
*vs.*
ESTATE OF JOSEPH COULOMBE

Kennebec. Opinion, October 19, 1950.

PER CURIAM.

On report with agreed statement of facts and argument in writing. This is an action by the Treasurer of the State brought on March 1, 1950 in the Superior Court in Kennebec County to recover from the defendant the cost of his support at the Augusta State Hospital.

The defendant in 1934 upon trial for murder was found "not guilty by reason of insanity" and was then committed to and remains confined at the State Hospital. Defendant is a veteran of the armed services and on March 4, 1936 the guardian, who appears for his ward in this action, was appointed pursuant to the provisions of the Uniform Veterans' Guardianship Act (then R. S., Chap. 81, 1930). The estate of the ward as of March 4, 1950 consisted of assets derived from non-service connected benefits paid by the Veterans Administration.

The report must be discharged. There is nothing in the record before us to show that the office of Veterans Administration having jurisdiction over Kennebec County has received any notice whatsoever of the pending action. In absence of proof of the required notice or waiver thereof, our courts cannot proceed. We cannot assume that the Administrator (the Administrator of Veterans Affairs of the United States) has no interest in the case. *Uniform Veterans' Guardianship Act (Laws of 1949, Chap. 230, Sec. 2).*

It may be noted that the obligation of the defendant to pay for support at the State Hospital arises not from a contract, expressed or implied, but solely by statute. During the period covered by the action, the statute remained unchanged and is now found in *R. S., Chap. 23, Sec. 122 (1944).*

To enable a court to render final and complete legal determination, the record must contain necessary information to determine liability. Cases to which reference may be made are: *Orono* v. *Peavey,* 66 Me. 60 (1876); *Cape Elizabeth* v. *Lombard,* 70 Me. 396 (1879); *Bangor* v. *Wiscasset,* 71 Me. 535 (1880); *Greenville* v. *Beauto,* 99 Me. 214, 58 A. 1026 (1904); *Chaplin* v. *National Surety Corp.,* 134 Me. 496, 185 A. 516 (1936).

The entry will be:

*Report Discharged.*

Ralph W. Farris, Attorney General,
John S. S. Fessenden, Deputy Atty. Gen., for plaintiff.

Nunzi Napolitano, for defendant.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ.